```
                                            USDS SDNY
                                            DOCUMENT
                                            ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                DOC #: _____
SOUTHERN DISTRICT OF NEW YORK               DATE FILED: 4-7-09
------------------------------------X
CLARENCE COX, JR.,                  :
                                    :
                    Plaintiff,      :   08 CV 10481 (NRB)
                                    :   ECF CASE
        -against-                   :
                                    :
STONESOFT, INC.,                    :
                                    :
                    Defendant.      :
------------------------------------X
```

## STIPULATION AND ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED by and between the parties, Clarence Cox, Jr. and StoneSoft, Inc. (together the "Parties" and separately, a "Party"), that the following procedures shall govern the production and exchange of all documents, testimony, interrogatory answers and other information produced, given or exchanged between the Parties in connection with the above entitled action (the "Action").

1.  Either Party may designate any documents, deposition testimony, interrogatory responses or other information given or produced in the course of discovery in connection with the Action as "Confidential" by stamping such document, interrogatory response or deposition testimony "Confidential" (such materials are hereinafter referred to as "Confidential Discovery Materials").

2.  Notwithstanding any other provision of this Confidentiality Stipulation and Protective Order, documents or other information taken, given or exchanged in the course of discovery in connection with the Action shall not be, or shall cease to be, "Confidential Discovery Materials" hereunder: (a) after such document or other information is published or becomes available to the Parties, without restriction and without breach of this Stipulation and



Order of Confidentiality by the Parties; or (b) after such document or other information becomes available to the Parties from others having no obligation to hold or disclose such document or other information in confidence.

3. If either Party produces any Confidential Discovery Materials without the appropriate designation, that Party may furnish a substitute copy properly designated along with written notice to the other Party that such information is deemed Confidential Discovery Materials and the recipient shall destroy any prior copies of such material which do not bear the "Confidential" designation.

4. If either Party objects to the designation of any Confidential Discovery Materials, the Party shall state the objection in writing to counsel for the Party making the designation. If the Parties are unable to resolve the objection within ten (10) business days, any Party may move the Court to do so.

5. Confidential Discovery Materials shall be used by the receiving Party solely for the purposes of investigating, preparing for and/or conducting litigation in connection with the Action or any related motions in this Action or other related proceedings authorized by the Court and any resulting appellate proceedings and in a manner consistent with this Stipulation and Order of Confidentiality.

6. The production of any information protected by any legal privilege shall not constitute a waiver of any applicable privilege. Any Party receiving produced privileged material must return all copies of such material to the producing Party immediately upon request and must destroy any notes relating to such material.

7. Neither Confidential Discovery Material nor any information contained therein shall be disclosed directly or indirectly by the person receiving such materials to any person other than:

2

(a)  the Court, persons employed by the Court, the jury or stenographers transcribing the testimony or argument at a hearing, trial or deposition in connection with the Action or any appeal therefrom;

(b)  counsel to the Parties to the Action, or attorneys, clerical, paralegal and secretarial staff regularly employed by such counsel;

(c)  any named or subsequently joining party, or officer, director or employee of any named or subsequently joining party, provided that such person(s) executes a copy of the Certificate of Confidentiality annexed hereto as Exhibit A before receiving any Confidential Discovery Materials;

(d)  non-party trial or non-party deposition witnesses, provided that such person(s) signs an undertaking in the form attached hereto agreeing to be bound by this Confidentiality Stipulation and Protective Order and consenting to the jurisdiction of this Court; and

(e)  expert witnesses, investigators or consultants retained by either Party, provided that such expert witnesses, investigators or consultants execute a copy of the Certificate of Confidentiality annexed hereto as Exhibit A before receiving any Confidential Discovery Materials.

8.  Nothing herein shall prevent any Party from seeking further, greater or lesser protection with respect to the use of any Confidential Discovery Materials in connection with any trial, hearing or other proceeding in or relating to the Action.

9.  In the event that any Party desires to use Confidential Discovery Materials in open court in connection with any trial, hearing or other proceeding in or relating to the Action or any appeal therefrom, they shall not lose their status as Confidential Discovery Materials through such use. Counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of

information used in the course of any court proceedings. If the Parties are unable to agree upon such procedures, the Parties shall request a ruling from the Court.

10. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at the trial, hearing or other proceeding in or relating to the Action. Nothing herein shall be construed to limit in any way any Party's use of its own Confidential Discovery Materials, or a Party's subsequent waiver of its own prior designation with respect to its own Confidential Discovery Materials.

11. If a Party uses Confidential Discovery Materials in a pleading, motion or other submission filed with the Court, the Party using Confidential Discovery Materials shall redact such Confidential Discovery Materials from the submission filed in the public file, but provide an unredacted complete courtesy copy to the judge with a request that the courtesy copy not be included in the public file. If redaction of only the Confidential Discovery Materials as set forth above would be significantly impractical and likely to be unduly burdensome for the Court, the filing Party may request an order from the Court directing the sealing of the Confidential Discovery Materials or of the entire pleading, motion or submission under seal, provided however, that any delays in filing occasioned by the need for such a court order shall not result in a default by the Party seeking such order or otherwise prejudice the Party's rights.

12. Information disclosed at the deposition of a Party, corporate officer, director, employee, or agent of a Party, or of an independent expert retained by a Party or its counsel for purposes of the Action, may be designated on the record as Confidential Discovery Materials. Transcripts of testimony so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately. A Party also may designate information disclosed at

4

depositions as Confidential Discovery Materials by notifying counsel for all the Parties, in writing, within ten (10) days of receipt of the transcript of such deposition, of the specific pages and lines of the transcript which contain Confidential Discovery Materials. All depositions shall be treated in their entirety as Confidential Discovery Materials for a period of ten (10) days after receipt of the transcript. Nothing in this paragraph 12 precludes a deponent from reviewing the transcript of his or her deposition at any time.

13. Within sixty (60) days after termination of this Action, counsel shall return all Confidential Discovery Materials and copies (including excerpts and summaries thereof) to counsel for the producing Party, or in lieu thereof, certify in writing that such Confidential Discovery Materials have been destroyed, provided however that if litigation related to the Action or other related proceedings authorized by the Court are commenced prior to or within that sixty (60) day period, the Confidential Discovery Materials may be retained by counsel so long as they continue to be treated as provided in this Stipulation and Order of Confidentiality. Notwithstanding the above, counsel may retain its work product, copies of court filings and official transcripts and exhibits, provided these retained documents and the Confidential Discovery Materials contained therein will continue to be treated as Confidential Discovery Materials pursuant to this Stipulation and Order of Confidentiality.

14. If a Party to this Stipulation and Order of Confidentiality receives a subpoena or other compulsory process from a non-party to this Stipulation and Order of Confidentiality seeking production or other disclosure of Confidential Discovery Materials, the Party that received the subpoena or other compulsory process shall give written notice to counsel for the Party that produced the Confidential Discovery Materials within five (5) business days after receipt of the subpoena or other compulsory process, or sooner if necessary due to the

date indicate on the subpoena or other compulsory process, in order to allow the Party that produced the Confidential Discovery Materials reasonable time, if it so wishes, to obtain a court order regarding the Confidential Discovery Materials. Nothing in this Stipulation and Order of Confidentiality shall be construed as preventing the Party that received the subpoena or other compulsory process from complying therewith.

Dated: New York, New York
April 3, 2009

**LAW OFFICE OF SANDRA D. PARKER**    **BROWN RUDNICK LLP**

By _/s/ Sandra Parker_
Sandra D. Parker
477 Madison Avenue, Suite 410
New York, NY 10022
Telephone: (212) 317-2883
Facsimile: (212) 317-1383

*Attorneys for Clarence Cox, Jr.*

By _/s/_
Aaron B. Lauchheimer
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
alauchheimer@brownrudnick.com

Elise Busny (*pro hac vice*)
ebusny@brownrudnick.com
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Attorneys for StoneSoft, Inc.*

**SO ORDERED:**

_/s/_
Hon. Naomi Reice Buchwald

April 6, 2009

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CLARENCE COX, JR.,

       Plaintiff,  :  08 CV 10481 (NRB)
             :  ECF CASE

  -against-

STONESOFT, INC.,

       Defendant.
----------------------------------------------------------X

## CERTIFICATE OF CONFIDENTIALITY

I, _____, the undersigned, hereby certify that I have been given a copy of and have carefully read the Stipulation and Order of Confidentiality entered in the above entitled Action, and that I fully understand the terms thereof. I understand that Confidential Discovery Materials and any copies, notes or other records that may be made regarding Confidential Discovery Materials shall not be used by me or disclosed to others, except in conformity with the Stipulation and Order, and that I may be held in contempt of court if I violate the terms of the Stipulation and Order.

  Executed this _____ day of _____, 20__.

                _____